IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>for the Use and Benefit of )<br>JERSEY SHORE AUTOMATION, INC. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHUGACH SUPPORT SERVICES, INC., *et al.* )<br>)<br>Defendants ) | C. A. No. 04-1416 (JJF) |

**BRIEF IN SUPPORT OF MOTION OF
CHUGACH SUPPORT SERVICES, INC.
AND SAFECO INSURANCE COMPANY OF AMERICA
FOR LEAVE TO FILE ACCOMPANYING MOTION
TO DISMISS IN PART, OR IN THE ALTERNATIVE
FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rules 7.1.1, 7.1.2 and 7.1.3 and ¶ 7 of Court's April 19, 2005 Rule 16 Scheduling Order, Defendants Chugach Support Services, Inc. and Safeco Insurance Company of America, by undersigned counsel, respectfully move for leave to file the accompanying Motion of Defendants Chugach Support Services, Inc. And Safeco Insurance Company of America To Dismiss in Part, dismissing Plaintiff's claims arising out of and with respect to (i) Chugach's alleged mistakes in calculating, and incorrect calculations of, wage rates and (ii) Chugach's allegedly failing to process invoices in a timely fashion and failing to issue change orders, on the grounds that such allegations fail to state a claim upon which relief can be granted or, in the alternative, there are no genuine disputes of material fact and Defendants are entitled to judgment as a matter of law with respect to such claims.

This matter is a construction dispute between Defendant Chugach as contractor with the United States of America under the Simplified Acquisition of Base Engineering Requirements Contract F07603-03-D-0002 for construction projects at Dover Air Force Base, Delaware and Plaintiff Jersey Shore as subcontractor to Chugach under the Master Subcontract Agreement dated May 13, 2003. In its Complaint, Jersey Shore claims that Chugach breached its contract with Jersey Shore by, *inter alia*, (i) incorrectly calculating the wage rates used in pricing the construction projects, (ii) failing to pay for completed work, (iii) failing to process invoices in timely fashion and (iv) failing to issue change orders. In its Counterclaim, Chugach claims that Jersey Shore (i) failed to undertake, proceed with and complete the construction for which Jersey Shore was contractually obligated and (ii) wrongfully suspended its work and vacated its construction projects at DAFB on July 14, 2004, leaving Chugach to complete the work.

The pleadings are closed, subject to motions, if any, to amend the pleadings which must be filed by June 30, 2005. The parties exchanged initial disclosures on April 22, 2005 and are entitled to engage in discovery.

Pursuant to ¶ 7 of the Rule 16 Scheduling Order, Defendants must seek leave of court to file this motion more than 10 days from January 30, 2006, the dispositive motions deadline. Defendants' motion is warranted and important at this time for the following reasons:

1. The motion largely is a Rule 12(b)(6) motion, accepting as true for purposes of the motion the Complaint's well pleaded allegations and reasonable inferences therefrom and using documents to which the Complaint expressly refers and on which the Complaint expressly relies. On this basis, the Court may treat the motion as a Rule 12(b)(6) motion, without the necessity of converting it to a Rule 56 motion. *See City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998);

*PBGC v. White Consolidated Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).

    2. There are two exceptions to the above regarding documents in the Appendix. The first exception is Plaintiff Jersey Shore's Rule 26(a)(1) Initial Disclosures, which Jersey Shore served pursuant to Fed. R. Civ. P. 26(a) and the Rule 16 Scheduling Order. Jersey Shore's Initial Disclosures are pertinent only to the second facet of Defendants' motion, relating to the absence of any damages arising from Jersey Shore's allegations that Chugach failed to process invoices on a timely fashion and failed to issue change orders. The second exception are the federal Forms 1413 that Jersey Shore submitted to the Government as required by documents referenced in the Complaint and by the Federal Acquisition Regulations. The Forms 1413 evidence Jersey Shore's knowledge of the required application of federal Davis-Bacon Act wage rates, a point well proved by other documents and, in any event, a requirement that the federal Davis-Bacon Act imposes on Jersey Shore as a matter of law.

    3. Defendants previously produced to Jersey Shore, as part of Defendants' initial disclosures, all documents contained in the Appendix, almost all of which Jersey Shore had, or should have had, prior to instituting this action.

    4. Even if reviewed as a motion for partial summary judgment, Defendants' motion should be considered at this time.

    5. Defendants' motion seeks dismissal of material pieces of the Complaint and if considered at this time could greatly narrow issues, streamline this case and save both sides substantial amounts of time and money.

6. Defendants' motion is premised on matters of law applied to the allegations and referenced documents in the Complaint (with the two exceptions cited above, both of which are Jersey Shore's formal filings with government bodies, the Initial Disclosures with this Court and the Forms 1413 with the Government Contracting Officer at Dover Air Force Base, Delaware), matters that the Court may address now as readily as after January 30, 2006.

7. There is no good reason not to consider Defendants' motion at this time.

8. As further grounds for this motion, Defendants incorporate herein by reference the contemporaneous (i) Motion of Defendants Chugach Support Services, Inc. And Safeco Insurance Company of America To Dismiss in Part, or in the Alternative For Partial Summary Judgment and (ii) Brief of Defendants Chugach Support Services, Inc. And Safeco Insurance Company of America In Support of Motion to Dismiss in Part, Or in the Alternative for Partial Summary Judgment.

WHEREFORE, for the foregoing reasons, Defendants respectfully pray for leave to file their Motion of Defendants Chugach Support Services, Inc. And Safeco Insurance Company of America To Dismiss in Part, or in the Alternative For Partial Summary Judgment.

Dated: May 3, 2005
       Wilmington, Delaware

THE LYONS LAW FIRM


_/s/ Edmund Daniel Lyons___
Edmund Daniel Lyons (No. 0881)
1526 Gilpin Avenue
P.O. Box 579
Wilmington, DE 19806
Phone (302) 777-5698
Fax (302) 777-5051
Email: elyons@lyonslaw.com

-and-

BIRCH, HORTON, BITTNER AND CHEROT


_/s/ Harvey A. Levin___
Harvey A. Levin
1155 Connecticut Avenue, N.W., Suite 1200
Washington, DC 20036
Phone (202) 659-5800
Fax (202) 659-1027
Email: hlevin@dc.bhb.com


Counsel for Chugach Support Services, Inc. and
Safeco Insurance Company of America

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Motion and accompanying Brief were served by first class mail, postage prepaid this 3d day of May 2005 on:

>James D. Heisman, Esquire
>M. Edward Danberg, Esquire
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899


_/s/ Harvey A. Levin___

@PFDesktop\::ODMA/WORLDOX/G:/505986/4/HAL8964.WPD