LAW OFFICES

# BIRCH, HORTON, BITTNER AND CHEROT   A PROFESSIONAL CORPORATION
1155 CONNECTICUT AVENUE, N.W. • SUITE 1200 • WASHINGTON, D.C. 20036 • TELEPHONE (202) 659-5800 • FACSIMILE (202) 659-1027

HAL R. HORTON (1944 - 1995)

RONALD G. BIRCH *
WILLIAM H. BITTNER
KATHRYN A. BLACK
SUZANNE CHEROT
KIMBERLY A. DOYLE
KATHLEEN TOBIN ERB
MARK E. LINEMAN, P.C.
DOUGLAS S. FULLER *

MAX D. GARNER
GRETCHEN L. GASTON * †
DAVID KARL GROSS
TINA M. GROVIER
PATRICIA M. HARDINA
WILLIAM P. HORN *
STEPHEN H. HUTCHINGS
ROY S. JONES, JR. *

DANIEL C. KENT
THOMAS P. KLINKNER
HARVEY A. LEVIN * †
STANLEY T. LEWIS
GREGORY A. MILLER
MICHAEL J. PARISE
TIMOTHY J. PETUMENOS
ELISABETH H. ROSS * †

OF COUNSEL:
JENNIFER C. ALEXANDER
JON M. DEVORE
SHELLEY D. EBENAL
KENNETH E. VASSAR

1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
(907) 276-1550
FACSIMILE (907) 276-3680

\*   D.C. BAR
\*\*  D.C. AND ALASKA BAR
†   MARYLAND BAR
‡   VIRGINIA BAR
    ALL OTHERS ALASKA BAR

May 18, 2005

<u>By Overnight Service and ECF</u>

The Honorable Joseph J. Farnan, Jr.
United States District Judge
United States District Court for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:    Jersey Shore Automation, Inc. v. Chugach Support Services, Inc., *et al.*
             C.A. No. 04-1416 (JJF) (D. Del.)

Dear Judge Farnan:

      We write as counsel, with Edmund D. Lyons, Esquire, for Defendants Chugach Support Services, Inc. ("CSS") and Safeco Insurance Company of America in this matter, in response to Mr. Heisman's letter to Your Honor dated May 17, 2005. Defendants respectfully submit that their Motion to Dismiss in Part, or in the Alternative for Partial Summary Judgment (Docket Entry Nos. 21 and 22) is ripe for consideration and should be considered at this time, for the following reasons:

      1. Mr. Heisman's letter states that Plaintiff intends to seek leave to file an Amended Complaint and that Plaintiff's proposed Amended Complaint "will likely have a material impact upon CSS's motion." That statement manifests a recognition that Defendants' Motion is, at least in material part, well taken.

      2. In the absence of any particularity as to how and with respect to what the proposed Amended Complaint "will likely have a material impact upon CSS's motion," Defendants are unable to address the representation with any greater specificity. However, the fundamental premises of Defendants' Motion, namely that Plaintiff has no claim on which relief can be granted arising out of the pricing protocols and determinations of the Government and CSS with respect to the subject SABER Contract for construction work at Dover Air Force Base and with respect to Plaintiff's lump-sum delivery order subcontracts, are issues that can, and in the interests of judicial economy and the parties' resources should, be considered now rather than at a later time.

BIRCH, HORTON, BITTNER AND CHEROT
A PROFESSIONAL CORPORATION

The Honorable Joseph J. Farnan, Jr.
United States District Judge
May 18, 2005
Page 2

       3. Mr. Heisman is, of course, correct that leave to amend shall be freely granted. But it also is a basic principle of amendments to pleadings that leave is not to be freely granted, or granted at all, where such leave would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Unless the proposed Amended Complaint would be premised on something entirely different than is the present Complaint, an Amended Complaint would have to survive Defendants' futility argument; that is, the issues that Defendants' Motion raises would have to be determined on Plaintiff's motion for leave to file the Amended Complaint.

       4. It appears more prudent to Defendants to make the determinations on the questions of law raised in their Motion at this time, as a guide to all future proceedings, rather than wait for partial and/or piecemeal consideration as the case proceeds. Thus, following consideration of Defendants' pending Motion, the Court then could grant Plaintiff leave to amend the Complaint with the necessary guidance to focus and streamline the case.

       Should the Court wish to hear further on this issue, we would be available at the Court's convenience.

       Respectfully,

       BIRCH, HORTON, BITTNER AND CHEROT

       Harvey A. Levin

cc:    James D. Heisman, Esquire (by facsimile)
       Edmund D. Lyons, Esquire

@PFDesktop:ODMA/WORLDOX/G:/505986/4/HAL9003.WPD