40

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, for the Use and Benefit of **JERSEY SHORE AUTOMATION, INC.**, a New Jersey corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>**CHUGACH SUPPORT SERVICES, INC.**, an Alaska corporation, and **SAFECO INSURANCE COMPANY OF AMERICA**, a Washington corporation,<br><br>*Defendants.* | ) | C.A. NO. 04-1416 (JJF) |

**PROTECTIVE ORDER UNDER RULE 26(c)**

WHEREAS, it appears that the preparation and trial of the above-captioned litigation may require the discovery of documents, information, or other material claimed by the parties to contain or be proprietary, trade secrets, or confidential information; and

WHEREAS, it appears that the ends of justice will be served by the entry of an Order setting forth procedures for, and rules governing, the discovery and use of such documents, information and other material deemed by the Parties to constitute proprietary materials, trade secrets or other confidential information.

NOW, THEREFORE, upon consideration of the record and proceeding herein, the stipulation of the Parties, and pursuant to the provision of Fed. R. Civ. P. 26(c),

IT IS ORDERED THAT the following procedures shall be employed and the following restrictions shall govern:

1. With respect to the disclosure of documents:

(a) Except as otherwise provided herein, at the time production of copies of documents or other tangible things is made pursuant to request or requirement, the producing party shall designate the copies of those documents deemed to contain proprietary, trade secrets, or other confidential information by stamping or otherwise indicating on such copies the words "CONFIDENTIAL UNDER PROTECTIVE ORDER" or the like at the time copies are furnished for the possession of counsel for the receiving party.

(b) In addition to the foregoing, at any point during this litigation a party may designate previously supplied information as CONFIDENTIAL UNDER PROTECTIVE ORDER, upon which designation this Order shall apply prospectively, from the date of designation.

(c) Documents and tangible things may be made available for initial inspection by counsel for the receiving party prior to the producing party providing copies to counsel for the receiving party. When counsel is making available documents or tangible things for inspection prior to producing copies, he or she shall inform counsel for the receiving party in writing, by letter or in a response to interrogatories or requests for production of documents, of the limited purpose of the inspection, prior to the inspection. As to those documents or tangible things which are made available for such inspection or examination for the purpose of counsel for the receiving party determining which of those documents he or she desires copies, said documents or tangible things shall be subject to the provisions of this protective order, whether or not marked as provided in paragraph 1(a), until copies thereof are requested and supplied, and thereafter only if the copies thus supplied are marked as provided in paragraph 1(a) or otherwise designated as confidential. Such initial inspection shall not constitute a waiver of the

attorney-client privilege or work product immunity or confidentiality with respect to any document or tangible thing so inspected but not copied. Nothing in this protective order shall be construed as requiring the production or submission for initial inspection of any documents or tangible things or the giving of any testimony covered by attorney-client or work product privileges.

2. (a) At the time disclosure is required of information deemed to constitute proprietary, trade secrets, or other confidential information, by means other than production of documents, e.g., interrogatory responses, the producing party shall so advise the receiving party in writing (or orally if recorded as part of a deposition or Court record) or by stamping or otherwise indicating on such information the words "CONFIDENTIAL UNDER PROTECTIVE ORDER" whereupon such information shall be subject to all of the provisions of this protective order.

(b) In addition to the foregoing, at any point during this litigation a party may designate previously supplied information as CONFIDENTIAL UNDER PROTECTIVE ORDER, upon which designation this Order shall apply prospectively, from the date of designation.

3. (a) The original and all copies of any deposition transcript not designated as CONFIDENTIAL UNDER PROTECTIVE ORDER at the time of the taking of the deposition shall initially be considered, in its entirety, to constitute confidential information and shall be subject to this protective order. A party shall have then (20) days after the date of receipt of the transcript of a deposition to specifically designate those portions of the testimony in the transcript which are deemed by that party to constitute confidential information, at which time the portions not so designated shall be placed outside the protection of this protective order. The

reporter and all counsel shall promptly conform the original and all copies of the transcript in accordance with the party's designation of CONFIDENTIALITY. The portions so designated CONFIDENTIAL UNDER PROTECTIVE ORDER shall thereafter be separated and treated in accordance with the terms of this protective order.

(b) In addition to the foregoing, at any point during this litigation a party may designate previously supplied information as CONFIDENTIAL UNDER PROTECTIVE ORDER, upon which designation this Order shall apply prospectively, from the date of designation; provided, however, that the party designating information as CONFIDENTAL under this subparagraph (b) shall bear all responsibility and cost for conforming transcripts in accordance with subparagraph (a).

4. Documents and information protected under this protective order may be disclosed only to individuals identified in this section 4, may be used only in preparation and trial of this case, and shall be retained in confidence.

(a) Outside Counsel of Record and in-house counsel for a party are expressly permitted to receive information designated as CONFIDENTIAL UNDER PROTECTIVE ORDER without further requirement and may disclose documents or information so designated only to other outside attorneys of record representing that party and, only as necessary, to persons employed by the outside attorneys of record or their law firm (e.g., associated attorney, secretary, paralegal, law clerk) who are apprised of and agree to maintain the confidentiality; or, subject to the provisions of paragraph 5 herein, a reasonable number of independent experts (i.e., those who are not employed by or act as a consultant to a party, along with persons regularly employed by the independent expert, e.g., paraprofessional, computer operator, secretary only as necessary and who are apprised of and agree to maintain the confidentiality), retained by that

counsel for purposes of the above-captioned litigation; or an independent reporter retained to record and transcribe testimony in connection with this action. Said counsel and said persons shall not disclose documents or information designated CONFIDENTIAL UNDER PROTECTIVE ORDER to any other person except persons permitted to receive such information under this Protective Order and shall not use said documents or information for any purpose other than the preparation and trial of this case. Each independent expert, before obtaining access to said documents and said information, shall acknowledge, in writing as exemplified in Exhibit A hereto, that he or she is fully familiar with the terms of this protective order and will be bound thereby.

(b) A party to the action shall not be authorized to receive information designated as CONFIDENTIAL UNDER PROTECTIVE ORDER except that each side may designate up to six of its employees who shall be authorized to receive information designated as CONFIDENTIAL UNDER PROTECTIVE ORDER, who shall agree in advance by signing a writing, as exemplified in Exhibit A hereto, that he or she is fully familiar with the terms of this protective order and will be bound by this protective order. In the event that a party deems it necessary that more than six persons be authorized to receive information designated as CONFIDENTIAL UNDER PROTECTIVE ORDER, that party shall request the permission of the other party to increase the number of persons. If the parties cannot agree on such request, the requesting party may apply to the Court for further relief.

(c) Discovery material disclosing or revealing confidential information from which any other party could derive a competitive advantage, such as confidential financial, sales, customer identity, vendor, manufacturer, pricing, or marketing information may be further designated and marked as ATTORNEYS' EYES ONLY pursuant to this protective order.

Material designated as ATTORNEYS' EYES ONLY shall be maintained in strict confidence, be used solely for purposes of this litigation, and shall not be disclosed except to persons identified in subparagraph 4(a) above. Each independent expert, before obtaining access to information designated ATTORNEYS' EYES ONLY, shall acknowledge, in writing as exemplified in Exhibit A hereto, that he or she is fully familiar with the terms of this protective order and will be bound thereby.

5. Counsel for both parties shall be required to maintain original executed Exhibit As for all persons required to execute such Exhibit A under this Protective Order. The parties may agree to exchange copies of such Exhibit As voluntarily or may seek a court order requiring such exchange. Undersigned counsel represent and agree that they will not make available information designated as CONFIDENTIAL UNDER PROTECTIVE ORDER except to persons authorized hereunder to receive such information and that counsel will require executed Exhibit As in advance of providing any such CONFIDENTIAL information to any person required to execute an Exhibit A.

6. The production of confidential documents or disclosure of confidential information shall not constitute a waiver of any objection which counsel may have to the use of such documents or information in the trial of the above-captioned litigation and shall not be construed as a concession by the producing party that such information is relevant, or material to any issue, or admissible.

7. The designation by a party of any document, material, or information as constituting or containing proprietary, trade secrets or other confidential information is intended solely to facilitate the preparation and trial of the above-captioned litigation, and such designation shall not be construed in any way as an admission or agreement by the receiving

party that the designated disclosure constitutes or contains any proprietary, trade secret, or confidential information in contemplation of law.

8. At any time that a party believes that a document or information which has been classified by the producing party as "CONFIDENTIAL UNDER PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" should be declassified from its confidential status, counsel for the party desiring declassification shall notify counsel for the producing party, in writing, of its request for declassification. Such request shall particularly identify the confidential information that the party requesting declassification contends is not confidential and the reasons supporting its contentions. The request shall become effective unless, within fifteen (15) days after receipt of such request, the producing party denies such request in writing sent to the party desiring declassification. If the request is denied the party desiring declassification then may apply to the Court to cancel the CONFIDENTIAL UNDER PROTECTIVE ORDER or ATTORNEYS' EYES ONLY designation with respect to said documents or information. Upon the application for declassification, the party who opposes the declassification of a document or information as CONFIDENTIAL UNDER PROTECTIVE ORDER or ATTORNEYS' EYES ONLY shall bear the burden of showing that such designation is proper. Until such time as the Court rules on such motion, the confidential status of such documents or information shall be maintained.

9. Notwithstanding a receiving party's right to challenge the "CONFIDENTIAL UNDER PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" classification by the producing party, there is no obligation to challenge the classification, and the receiving party's failure to initially do so shall not be deemed a waiver of the right to later challenge the classification.

10. All transcripts, depositions, exhibits, answers to interrogatories, pleadings, briefs, memoranda or other documents or portions thereof filed with the Court in connection with the above-captioned litigation by any party which comprise or contain designated confidential information or purport to reproduce or paraphrase such designated confidential information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of the above-captioned litigation, the words "CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER," and a statement substantially in the following form:

> This envelope contains confidential information or documents which are filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court.

11. Each person, including counsel, to whom confidential documents or information has been disclosed shall, upon the final determination of the above-captioned litigation, or upon the termination of that person's employment with the party (whichever event occurs first), return to counsel for the producing party, or certify to counsel for the producing party under penalty of perjury the destruction of all copies, summaries, and abstracts of all documents, transcripts of depositions, exhibits, answer to interrogatories, or other material subject to this protective order. In the case of counsel, such return or certification shall be accompanied by his or her certification as a member of the Bar that the material returned or destroyed constitutes in fact all existing copies, summaries, and abstracts, to the best of his or her knowledge. In the case of a party representative or independent expert assisting counsel, such return or certification shall be accompanied by an affidavit or further certification under penalty of perjury that the material returned is in fact all existing copies, summaries, and abstracts, to the best of his or her knowledge. Nothing herein shall prevent counsel for each party, and such counsel hereby are authorized, to retain a single archival copy of all depositions, deposition exhibits, pleadings, trial

transcripts and trial exhibits, subject to a continuing obligation to maintain them in confidence and subject to the terms of this protective order.

12. The undersigned understand and agree that this stipulation may be modified or amended by agreement of all the parties or by the Court; the parties further agree that this stipulation does not preclude any party from requesting the Court for the entry of another stipulation if necessary.

13. Protection of confidential information, as provided under the terms of this protective order, is not limited to confidential information of the parties. Confidential information of nonparties will be protected under this protective order if the confidential information is designated according to the terms of this protective order. The parties agree that nonparty proprietary technical information produced under this protective order may be designated as ATTORNEYS' EYES ONLY if the nonparty claiming the information as its proprietary information so requests. Notwithstanding anything in the foregoing to the contrary, the parties reserve the right to challenge any classification or request for classification by a nonparty in accordance with paragraph 8 and 9 herein. Companies that are related to a party, including corporate parents and subsidiaries, are not considered to be nonparties as that term is used herein.

14. If party or counsel for a party is served with a subpoena for any documents or information designated as CONFIDENTIAL UNDER PROTECTIVE ORDER or ATTORNEYS' EYES ONLY and protected from disclosure under the terms of this protective order, the person so served shall give counsel for the designating party seven days' notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, before producing such documents or information.

15. This Protective Order and the terms hereof shall bind the parties hereto in connection with the above-captioned litigation and all related proceedings.

**Connolly Bove Lodge & Hutz LLP**

*/s/ James D. Heisman*
James D. Heisman (# 2746)
M. Edward Danberg (# 2245)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Plaintiff Jersey Shore Automation, Inc.*

Date: June 27, 2005

**The Lyons Law Firm**

*/s/ Edmund D. Lyons, Jr.*
Edmund D. Lyons, Jr. (# 881)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 777-5698

**Birch, Horton, Bittner and Cherot**

*/s/ Harvey A. Levin*
Harvey A. Levin, Esquire
115 Connecticut Ave., N.W.
Suite 1200
Washington, DC 20036
(202) 659-5800
*Attorneys for Defendants Chugach Support Services, Inc.* and *Safeco Insurance Company of America*

Date: June 27, 2005