IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
                                        )
UNITED STATES OF AMERICA                )
for the Use and Benefit of              )
JERSEY SHORE AUTOMATION, INC.           )
                                        )
        Plaintiff,                      )
                                        )       C. A. No. 04-1416 (JJF)
vs.                                     )
                                        )
CHUGACH SUPPORT SERVICES, INC., *et al.* )
                                        )
        Defendants                      )
_____)

**ANSWER OF DEFENDANTS
CHUGACH SUPPORT SERVICES, INC.
AND SAFECO INSURANCE COMPANY OF AMERICA
TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIM**

Defendants Chugach Support Services, Inc. ("Chugach") and Safeco Insurance Company of America ("Safeco"), by undersigned counsel, as and for their answer, affirmative defenses and counterclaim, state as follows:

1. In response to ¶ 1 of the Complaint, Defendants admit that the United States of America for the use and benefit of Jersey Shore Automation, Inc. ("Jersey Shore") is a nominal plaintiff, deny that the United States of America for the use and benefit of Jersey Shore is a proper plaintiff against Chugach, admit that Jersey Shore is a plaintiff and as to the remainder of ¶ 1 are without knowledge or information sufficient to form a belief as to the truth of the allegations.

2. Defendants admit ¶ 2 of the Complaint.

3. Defendants admit ¶ 3 of the Complaint.

4. In response to ¶ 4 of the Complaint, Defendants admit that the Miller Act, 40 U.S.C. § 270 *et seq.*, provides for federal court jurisdiction in certain circumstances as set forth therein, admit that the Complaint purports to plead a claim under the Miller Act, deny that the Complaint pleads a Miller Act claim against Chugach and as to the remainder of ¶ 4 are without knowledge or information sufficient to form a belief as to the truth of the allegations.

5. Defendants deny ¶ 5 of the Complaint.

6. In response to ¶ 6 of the Complaint, Defendants admit that on or about February 21, 2003, Chugach was awarded SABER Contract No. F07603-D0002 (the "SABER Contract") but further responding state that ¶ 6 fails to set forth fully the terms and conditions of the Contract and refer to the Contract for such terms and conditions.

7. Defendants admit ¶ 7 of the Complaint.

8. Defendants admit ¶ 8 of the Complaint except Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding "subcontractors like Jersey Shore." Further responding, Defendants deny that Jersey Shore is entitled to any relief on or under the referenced Bond.

9. In response to ¶ 9 of the Complaint, Defendants admit that they executed and provided a bond in connection with the Contract and refer to the Bond for the terms and conditions thereof.

10. Defendants admit ¶ 10 of the Complaint, except Defendants deny that the MSA was "in the performance of the SABER Contract."

11. In response to ¶ 11 of the Complaint, Defendants admit that the work to be performed by Jersey Shore was to be set forth in delivery orders, but deny that such work was to be performed by

Jersey Shore under the SABER Contract and that such work was "to be specified by Chugach," and further answering refer to such delivery orders for the terms and conditions thereof.

12. In response to ¶ 12 of the Complaint, Defendants admit that certain work to be performed by Jersey Shore had to be and was performed within the State of Delaware and are without knowledge or information sufficient to form a belief as to the truth of balance of the allegations in ¶ 12.

13. In response to ¶ 13 of the Complaint, Defendants admit that Jersey Shore at certain times was, but deny that Jersey Shore is, a subcontractor of Chugach, are without knowledge or information sufficient to form a belief as to the truth of the allegation of a "direct relationship" and deny that Jersey Shore is entitled to bring this action.

14. Paragraph 14 pleads a conclusion of law to which no responsive pleading is required. To the extent that a response may be required, Defendants are without knowledge or information sufficient to form a belief as to the truth of ¶ 14 of the Complaint.

15. In response to ¶ 15 of the Complaint, Defendants admit that Jersey Shore agreed to perform pursuant to certain delivery orders containing and accompanied by scopes of work (the "SOWs"), admit that SOWs initially were provided pursuant to the SABER Contract by Air Force civilian and/or military personnel at Dover Air Force Base, Delaware ("DAFB") and are without knowledge or information sufficient to form a belief as to the truth of balance of the allegations in ¶ 15.

16. In response to ¶ 16 of the Complaint, Defendants admit that under the MSA, Chugach presented Jersey Shore and Jersey Shore of its own volition accepted Delivery Order No. 5000 for

specified work in Building 779, refer to said Delivery Order for the terms and conditions thereof and deny the balance of the allegations in¶ 16.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 17 of the Complaint, but on information and belief admit that Jersey Shore visited the site and received information regarding the work to be performed before Jersey Shore of its own volition agreed to and accepted the Delivery Order.

18. In response to ¶ 18 of the Complaint, Defendants admit that Chugach was the prime contractor for Building 779 under the SABER Contract, neither admit nor deny the legal conclusion that it was "contractually obligated," refer to the SABER Contract and other documents material to this paragraph for their terms, conditions, force and effect and deny the balance of the allegations of ¶ 18.

19. In response to ¶ 19 of the Complaint, Defendants admit that Chugach and Jersey Shore, of its own volition, entered into a delivery order for performance of work on Building 779 and refer to said delivery order for its terms and conditions.

20. Defendants admit ¶ 20 of the Complaint.

21. In response to ¶ 21 of the Complaint, Defendants admit that Chugach received a delivery order/notice to proceed for Building 779 and was to commence work promptly following notice to proceed, deny the allegation regarding liquidated damages, refer to said delivery order for its terms and conditions and are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in ¶ 21.

22. In response to ¶ 22 of the Complaint, Defendants admit that Jersey Shore agreed to perform the work in Delivery Order 5000 and deny the balance of the allegations of ¶ 22.

4

23. In response to ¶ 23 of the Complaint, Defendants admit that the SABER Contract imposed certain responsibilities with respect to computing prices but further responding state that ¶ 23 fails to set forth fully and accurately the responsibilities, terms and conditions of the SABER Contract and refer to and incorporate herein by reference the SABER Contract, Exhibit 1 to the Appendix to Brief of Defendants Chugach Support Services, Inc. and Safeco Insurance Company of America in Support of Motion to Dismiss in Part, or in the Alternative for Partial Summary Judgment for such responsibilities, terms and conditions.

24. In response to ¶ 24 of the Complaint, Defendants reallege and incorporate herein by reference ¶ 23 above and further responding deny the allegation that RS Means was "amended by the Unit Price Guide ("UPG")."

25. Defendants deny ¶ 25 of the Complaint with respect to the SABER Contract and otherwise are without knowledge or information sufficient to form a belief as to the truth of ¶ 25.

26. Defendants deny ¶ 26 of the Complaint with respect to the SABER Contract and otherwise are without knowledge or information sufficient to form a belief as to the truth of ¶ 26.

27. Defendants deny ¶ 27 of the Complaint.

28. In response to ¶ 28 of the Complaint, Defendants admit that actual wages paid, as governed by the federal Davis-Bacon Act (the "DBA"), generally differ from and often exceed rates contained in RS Means and used, as required, for pricing under the SABER Contract. Further answering, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations relating to examples or to what Jersey Shore was required to pay and deny that the UPG rate for carpenters other than possibly for non-pre-priced items ("NPIs") was $54.58.

29. Defendants deny ¶ 29 of the Complaint.

30. In response to ¶ 30 of the Complaint, Defendants admit that documentation provided by Chugach for all delivery orders included narratives and SOWs and otherwise deny the allegations of ¶ 30.

31. Defendants admit ¶ 31 of the Complaint.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of ¶ 32 of the Complaint.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of ¶ 33 of the Complaint.

34. Defendants deny ¶ 34 of the Complaint.

35. Defendants deny ¶ 35 of the Complaint.

36. Defendants deny ¶ 36 of the Complaint.

37. Defendants deny ¶ 37 of the Complaint except that Defendants admit that Chugach on at lease one occasion received Air Force authority to add skilled laborer positions.

38. Defendants deny ¶ 38 of the Complaint.

39. In response to ¶ 39 of the Complaint, Defendants admit that Chugach representatives and Jersey Shore representatives had many meetings regarding matters arising under the MSA and the delivery orders, admit that one or more meetings may have occurred in September 2003, admit that some of such meetings contained attempts to resolve matters and otherwise deny the allegations of ¶ 39.

40. Defendants deny ¶ 40 of the Complaint.

41. Defendants deny ¶ 41 of the Complaint.

42. Defendants deny ¶ 42 of the Complaint.

43. Defendants deny ¶ 43 of the Complaint.

44. Defendants deny ¶ 44 of the Complaint.

45. Defendants deny ¶ 45 of the Complaint.

46. Defendants deny ¶ 46 of the Complaint.

47. Defendants deny ¶ 47 of the Complaint.

48. Defendants deny ¶ 48 of the Complaint, except that Defendants admit that Chugach continued to price delivery orders for DAFB in accordance with the SABER Contract.

49. In response to ¶ 49 of the Complaint, Defendants admit that the DBA required Jersey Shore to pay certain wages as established under the DBA, admit that such DBA wages may have been higher than wage rates that the SABER Contract required Chugach to use in pricing and that Chugach did use in compliance with the SABER Contract and are without knowledge or information sufficient to form a belief as to the truth of balance of the allegations of ¶ 49.

50. Defendants deny ¶ 50 of the Complaint, except that Defendants admit that Chugach supplied its estimates to Jersey Shore.

51. Defendants deny ¶ 51 of the Complaint.

52. In response to ¶ 52 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of allegation relating to what "was clear to Jersey Shore" and deny the balance of the allegations of ¶ 52.

53. Defendants deny ¶ 53 of the Complaint.

54. Defendants deny ¶ 54 of the Complaint.

55. Defendants deny ¶ 55 of the Complaint.

56. Defendants deny ¶ 56 of the Complaint.

57. In response to ¶ 57 of the Complaint, Defendants reallege and incorporate herein by reference ¶¶ 1-56 above.

58. Defendants deny ¶ 58 of the Complaint.

59. Defendants deny ¶ 59 of the Complaint.

60. In response to ¶ 60 of the Complaint, Defendants reallege and incorporate herein by reference ¶¶ 1-59 above.

61. Defendants deny ¶ 61 of the Complaint.

62. Defendants deny ¶ 62 of the Complaint.

63. Defendants deny ¶ 63 of the Complaint.

64. Defendants deny ¶ 64 of the Complaint.

65. Defendants deny ¶ 65 of the Complaint.

66. Defendants deny ¶ 66 of the Complaint.

67. Defendants deny ¶ 67 of the Complaint.

68. Defendants deny ¶ 68 of the Complaint.

69. In response to ¶ 69 of the Complaint, Defendants reallege and incorporate herein by reference ¶¶ 1-68 above.

70. Defendants are without knowledge or information sufficient to form a belief as to the truth of ¶ 70 of the Complaint, except that Defendants admit that Jersey Shore invoiced Chugach at certain times for certain work that Jersey Shore represented had been performed in accordance with certain delivery orders and deny that Chugach failed to pay Jersey Shore or is indebted to Jersey Shore for any amounts, for any work, under any contract or for any other reason.

71. Defendants are without knowledge or information sufficient to form a belief as to the truth of ¶ 71 of the Complaint but deny that Chugach failed to pay Jersey Shore or is indebted to Jersey Shore for any amounts, for any work, under any contract or for any other reason.

72. Defendants deny ¶ 72 of the Complaint.

73. Defendants deny ¶ 73 of the Complaint.

74. In response to ¶ 74 of the Complaint, Defendants reallege and incorporate herein by reference ¶¶ 1-73 above.

75. In response to ¶ 75 of the Complaint, Defendants deny all allegations relating to entitlement to a claim of quantum meruit and therefore deny the allegations of ¶ 75.

76. In response to ¶ 76 of the Complaint, Defendants deny all allegations relating to entitlement to a claim of quantum meruit and therefore deny the allegations of ¶ 76.

77. In response to ¶ 77 of the Complaint, Defendants deny all allegations relating to entitlement to a claim of quantum meruit and therefore deny the allegations of ¶ 77.

78. In response to ¶ 78 of the Complaint, Defendants deny all allegations relating to entitlement to a claim of quantum meruit and therefore deny the allegations of ¶ 78.

79. In response to ¶ 79 of the Complaint, Defendants deny all allegations relating to entitlement to a claim of quantum meruit and therefore deny the allegations of ¶ 79.

80. In response to ¶ 80 of the Complaint, Defendants reallege and incorporate herein by reference ¶¶ 1-79 above.

81. In response to ¶ 81 of the Complaint, Defendants admit that Chugach and Jersey Shore entered into the MSA, deny that ¶ 81 fully or accurately sets out the terms and conditions of the MSA and refer to the MSA for the terms and conditions thereof and deny that the MSA requires

Jersey Shore "to furnish labor and/or materials in connection with the erection, construction, completion, alteration or repair of buildings or for additions to buildings."

82. Paragraph 82 of the Complaint pleads a conclusion of law to which no answer is required. To the extent that an answer may be required, Defendants deny that Delaware law applies but for the text thereof refer to said law.

83. In response to ¶ 83 of the Complaint, Defendants admit that Jersey Shore submitted certain invoices to Chugach for work performed under certain delivery orders with notices to proceed but deny that Jersey Shore submitted "all required documentation."

84. Defendants deny ¶ 84 of the Complaint.

85. Paragraph 85 of the Complaint pleads a conclusion of law to which no answer is required. To the extent that an answer may be required, Defendants deny ¶ 85.

86. In response to ¶ 86 of the Complaint, Defendants admit that Chugach was paid for certain work by Jersey Shore and represented by Jersey Shore to have been performed in conformity with certain delivery orders, deny that Chugach received full compensation for Jersey Shore's work and are without knowledge or information sufficient to form a belief as to the truth of ¶ 86 of the Complaint.

87. Defendants deny ¶ 87 of the Complaint.

88. Defendants deny ¶ 88 of the Complaint.

89. Defendants deny ¶ 89 of the Complaint.

90. In response to ¶ 90 of the Complaint, Defendants reallege and incorporate herein by reference ¶¶ 1-89 above.

91. Paragraph 91 pleads a conclusion of law to which no answer is required. To the extent an answer may be required, Defendants refer to applicable law for the content and application thereof.

92. Defendants deny ¶ 92 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by waiver and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by Plaintiff's own fault, default, breach of warranty, breach of contract, negligence and/or other acts and omissions.

## FOURTH AFFIRMATIVE DEFENSE

Venue is improper. Proper venue is in the State of Alaska.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to avoid and failed to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to pursue and to exhaust required contract and administrative remedies before filing suit.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has no right of action against Chugach under 40 U.S.C. § 270 *et seq*. and may not sue Chugach in an action as United States of America for the Use and Benefit of Jersey Shore Automation, Inc.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may not recover against Safeco beyond and except in strict compliance with the terms and conditions, including but not limited to the dollar and liability limitations, of the Bond.

WHEREFORE, Defendants Chugach Support Services, Inc. and Safeco Insurance Company of America respectfully pray that the Court dismiss the First Amended Complaint with prejudice, award Defendants their costs and expenses, including attorneys fees, and grant Defendants such other relief as is appropriate.

## COUNTERCLAIM

### Introduction and Jurisdiction

1. Counter-Plaintiff Chugach Support Services, Inc. ("Chugach") brings this Counterclaim pursuant to Federal Rule of Civil Procedure 13(a). This Court also has original jurisdiction pursuant to 28 U.S.C. 1332(a). Counter-Plaintiff and Counter-Defendant are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Chugach brings this Counterclaim as a compulsory counterclaim without conceding venue and without waiving its objection to venue under Section 17 of the MSA as defined below in ¶ 7.

### Parties and Jurisdiction

2. Counter-Plaintiff Chugach is a corporation formed under the laws of Alaska with its principal place of business in Alaska. Chugach is doing business at Dover Air Force Base, Delaware under the SABER Contract defined below in ¶ 4.

12

3. Counter-Defendant Jersey Shore Automation, Inc. ("Jersey Shore"), on information and belief, is a corporation formed under the laws of New Jersey with its principal place of business in New Jersey.

## Facts

4. On or about February 21, 2003, the United States of America awarded Chugach, and Chugach and the United States of America entered into, Simplified Acquisition of Base Engineering Requirements Contract F07603-03-D-0002 (together with subsequent amendments, the "SABER Contract").

5. The SABER Contract was an indefinite delivery, indefinite quantity (known as "IDIQ") contract for construction, repair and renovation of various facilities at Dover Air Force Base, Delaware ("DAFB"). Under the SABER Contract, the government would award construction projects by delivery orders on an as-needed basis. Chugach, as prime contractor, was required to furnish all personnel, equipment, tools, materials, supervision and other services necessary to design, manage and accomplish the required work. Fulfillment of each delivery order was, in essence, on a "turn key" basis, in compliance with the SABER Technical Specifications and standard, national building and construction codes.

6. Under the SABER Contract, Chugach and Jersey Shore entered into a Master Subcontract Agreement dated May 13, 2003 (the "MSA"). The MSA incorporated, *inter alia*, the terms and conditions of the SABER Contract and various provisions of the Federal Acquisition Regulations (the "FARs"). Under the MSA, Chugach issued to Jersey Shore and Jersey Shore accepted contracts for construction projects at DAFB, each such contract taking the form of a Delivery Order with Notice to Proceed ("DO/NTP").

7. Pursuant to the MSA, Chugach issued to Jersey Shore and Jersey Shore accepted DO/NTPs for, *inter alia*, Building 401 (Delivery Order No. 5001), Building 300 (Delivery Order No. 5010), Building 302 (Delivery Order No. 5018), Building 1272 (Delivery Order No. 5019) and Building 781 (Delivery Order No. 5021). In and pursuant to each of these DO/NTPs, Jersey Shore agreed and committed to perform the required construction work and to do so by dates certain.

8. Jersey Shore failed to undertake, proceed with and complete the construction as required by, and thereby materially breached, the DO/NTPs for Buildings 401, 300, 302, 1272 and 781, and thereby also materially breached the MSA.

9. On July 13, 2004, Chugach sent Jersey Shore a notice to cure, asking Jersey Shore to show how it would remedy its defaults. Jersey Shore failed to provide any corrective action plan or other substantive response.

10. In violation and breach of the SABER Contract, the MSA, applicable FARs and the DO/NTPs, Jersey Shore unlawfully, wrongfully and unilaterally suspended all work under the MSA and DO/NTPs on or about July 14, 2004.

11. Based on Jersey Shore's multiple breaches, unlawful suspension of work and failure to provide a corrective plan, Chugach terminated Jersey Shore as a Chugach subcontractor under the SABER Contract on July 20, 2004.

12. Jersey Shore also knowingly underpaid its employees in violation of the federal Davis-Bacon Act (the "DBA"). Without limiting the foregoing, and by way of example, instead of paying persons doing journeyman work such as carpentry and drywall at the hourly and fringe benefit rates required under the DBA, Jersey Shore knowingly paid persons doing journeyman work at the lower

14

hourly wage rates for skilled and unskilled labor and did not pay these workers the fringe benefits required by the DBA.

13. The United States Department of Labor (the "DOL") demanded that Jersey Shore pay its employees as required by DBA, but Jersey Shore refused.

14. Because Chugach is the general contractor under the SABER Contract and Jersey Shore Chugach's subcontractor, Chugach is legally responsible for Jersey Shore's underpayments to persons working for Jersey Shore at DAFB.

15. As of the date of this pleading, the DOL has demanded that Chugach pay $72,049.15 to former Jersey Shore employees in satisfaction of Jersey Shore's obligations to these employees under the DBA that Jersey Shore refuses to satisfy.

16. Also as of the date of this pleading, at the request of the DOL, the Government has withheld approximately $30,000 due to Chugach for work performed under the SABER Contract as a result and for satisfaction of Jersey Shore's obligations to its employees under the DBA that Jersey Shore refuses to satisfy.

### COUNT ONE
### (Breach of Contract)

17. Chugach realleges and incorporates herein by reference Counterclaim ¶¶ 1-16 above.

18. As a consequence of Jersey Shore's material breaches of the DO/NTPs for, *inter alia*, Buildings 401, 300, 302, 1272 and 781, and material breaches of the MSA, Jersey Shore caused Chugach to be damaged in an amount exceeding $1,000,000, said amount to be proved at trial.

### COUNT TWO
### (Breach of Warranties)

19. Chugach realleges and incorporates herein by reference Counterclaim ¶¶ 1-18 above.

20. Under the MSA and the DO/NTPs, and particularly ¶ 6 of the MSA, Jersey Shore warranted the performance and quality of its work, materials and equipment at DAFB to Chugach.

21. Among other specific warranties in the MSA, Jersey Shore warranted that its work will conform to the requirements of the DO/NTPs.

22. Jersey Shore's work at DAFB was incomplete, inadequate and deficient and did not conform to the requirements of the DO/NTPs, in breach of Jersey Shore's warranties.

23. As a consequence of Jersey Shore's breach of warranties, Jersey Shore caused Chugach to be damaged in an amount exceeding $1,000,000, said amount to be proved at trial.

## COUNT THREE
### (Indemnification)

24. Chugach realleges and incorporates herein by reference Counterclaim ¶¶ 1-23 above.

25. Under ¶ 12 of the MSA, Jersey Shore is required to indemnify and defend Chugach and to hold Chugach harmless from and against, *inter alia*, all claims, liabilities, damages, suits, losses, penalties, fines, fees, costs and expenses arising out of or resulting from, in whole or in part, Jersey Shore's acts and omissions under the MSA work.

26. As a result of Jersey Shore's acts and omissions while performing work at DAFB under the MSA and the DO/NTPs, Jersey Shore caused Chugach to incur and to be at risk for claims, liabilities, damages, suits, losses, penalties, fines, fees, costs and expenses for which Jersey Shore is required to indemnify and defend Chugach and to hold Chugach harmless, in an amount exceeding $1,000,000, said amount to be proved at trial.

## COUNT FOUR
### (Liquidated Damages)

27. Chugach realleges and incorporates herein by reference Counterclaim ¶¶ 1-26 above.

16

28. As a consequence of Jersey Shore's material breaches of the DO/NTPs for Buildings 401, 300, 302, 1272 and 781 and material breaches of the MSA, in addition to compensatory damages, Jersey Shore caused Chugach to be liable for liquidated damages under the SABER Contract, and to be damaged, in an amount exceeding $42,000, said amount to be proved at trial.

## COUNT FIVE
### (Breach of Covenant of Good Faith and Fair Dealing)

29.   Chugach realleges and incorporates herein by reference Counterclaim ¶¶ 1-28 above.

30. The MSA and the DO/NTPs contain and/or incorporate implied covenants of good faith and fair dealing.

31. Jersey Shore breached its covenants of good faith and fair dealing in the MSA and the DO/NTPs.

32.   As a consequence of Jersey Shore's breach of its covenants of good faith and fair dealing, Jersey Shore caused Chugach to be damaged in an amount exceeding $1,000,000, said amount to be proved at trial.

## COUNT SIX
### (Negligence)

33.   Chugach realleges and incorporates herein by reference Counterclaim ¶¶ 1- 32 above.

34. Jersey Shore planned, staffed, equipped and performed under the MSA and the DO/NTPs negligently and contrary to its duty of care and the standard of care.

35.   As a consequence of Jersey Shore's negligence, Jersey Shore caused Chugach to be damaged in an amount exceeding $1,000,000, said amount to be proved at trial.

## COUNT SEVEN
### (Fraudulent Inducement)

36.   Chugach realleges and incorporates herein by reference Counterclaim ¶¶ 1-35 above.

37. Jersey Shore represented itself to be a company experienced in, offering to perform and able to perform the general and specific construction projects under the SABER Contract.

38. Jersey Shore induced Chugach to enter into the MSA and the DO/NTPs with Jersey Shore on the basis of Jersey Shore's representations regarding its construction experience and capabilities.

39. Jersey Shore's representations to Chugach regarding Jersey Shore's construction experience and capabilities were false, and Jersey Shore knew them to be false. Jersey Shore was not primarily a construction company but rather was and is an electrical engineering, design, and field service company serving client's needs in the areas of Access Control, Environmental Monitoring, Material Handling, Process Control, High Capacity Sortation, Manufacturing Automation, and Communications, and Jersey Shore was unable to conduct and perform the construction projects as and when required and promised by the MSA and the DO/NTPs.

40. As a result of Chugach's entering into the MSA and the DO/NTPs with Jersey Shore on the basis of Jersey Shore's false representations, Chugach has been damaged in an amount exceeding $1,000,000, said amount to be proved at trial.

## COUNT EIGHT
### (Breach of Obligations Under the Davis-Bacon Act)

41.  Chugach realleges and incorporates herein by reference Counterclaim ¶¶ 1-40 above.

42. As a result of Jersey Shore's failure to compensate its employees working on or under the DO/NTPs at DAFB as required by the DBA, Jersey Shore caused Chugach to be liable to Jersey Shore's employees for Jersey Shore's failure to compensate as the law requires.

43.  To the extent that Chugach is or may be liable to or for Jersey Shore's employees, or to or for the DOL, as a result of Jersey Shore's failure to pay, Jersey Shore is liable to Chugach.

44. As a result of the foregoing, Jersey Shore caused Chugach to be damaged in an amount currently approximating $72,049.15, said amount to be proved at trial.


WHEREFORE, Counter-Plaintiff Chugach Support Services, Inc. respectfully prays for judgment against Counter-Defendant Jersey Shore Automation, Inc. as follows:

1. On Count One, for breach of contract, $1,000,000, or such greater amount as may be proved at trial, in compensatory damages.

2. On Count Two, for breach of warranties, $1,000,000, or such greater amount as may be proved at trial, in compensatory damages.

3. On Count Three, for indemnification, $1,000,000, or such greater amount as may be proved at trial, in indemnification damages.

4. On Count Four, for liquidated damages, $42,000, or such greater amount as may be proved at trial.

5. On Count Five, for breach of the covenant of good faith and fair dealing, $1,000,000, or such greater amount as may be proved at trial, in compensatory damages.

19

6. On Count Six, for negligence, $1,000,000, or such greater amount as may be proved at trial, in compensatory damages.

7. On Count Seven, for fraudulent inducement, $1,000,000, or such greater amount as may be proved at trial, in compensatory damages.

8. On Count Eight, for violation of the Davis-Bacon Act, $72,049.15, or such greater amount as may be proved at trial, in compensatory damages.

9. Pre-judgment and post-judgment interest on the judgment amounts.

10. Costs and expenses, including attorneys and witness fees.

11. Such other and further relief as may be proper.

Dated: July 1, 2005

20

BIRCH, HORTON, BITTNER AND CHEROT


/s/ Harvey A. Levin
Harvey A. Levin
Yuliya Andresyuk
1155 Connecticut Avenue, N.W., Suite 1200
Washington, DC 20036
Phone (202) 659-5800
Fax (202) 659-1027
Email: hlevin@dc.bhb.com


and

THE LYONS LAW FIRM


/s/ Edmund Daniel Lyons
Edmund Daniel Lyons (No. 0881)
1526 Gilpin Avenue
P.O. Box 579
Wilmington, DE 19806
Phone (302) 777-5698
Fax (302) 777-5051
Email: elyons@lyonslaw.com


Counsel for Chugach Support Services, Inc. and
Safeco Insurance Company of America

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer and Counterclaim was served by electronic mail this 1st day of July 2005 on:

> James D. Heisman, Esquire
> M. Edward Danberg, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899

/s/ Harvey A. Levin

@PFDesktop\::ODMA/WORLDOX/G:/505986/4/HAL9084.doc