IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of **JERSEY SHORE AUTOMATION, INC.**, a New Jersey corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>**CHUGACH SUPPORT SERVICES, INC.**, an Alaska corporation, and **SAFECO INSURANCE COMPANY OF AMERICA**, a Washington corporation,<br><br>*Defendants*. | C.A. NO. 04-1416 (JJF) |

**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM**

Plaintiff Counterclaim-Defendant Jersey Shore Automation, Inc. ("Jersey Shore"), by and through undersigned counsel, for its answer and affirmative defenses to Defendants' Counterclaim- Plaintiffs counterclaim, states as follows:

**Introduction and Jurisdiction**

1. The paragraph states legal conclusions for which an answer is not required. To the extent that an answer is required, the paragraph is denied.

**Parties and Jurisdiction**

2. Admitted only that Defendant Chugach Support Services ("Chugach") is acting as the contractor at the Dover Air Force Base, Delaware under a SABER Contract. Jersey Shore is without sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny the same.

3. Admitted.

4. Admitted.

5. Admitted only that the SABER Contract was an indefinite delivery, indefinite quantity (known as "IDIQ") contract for construction, repair and renovation of various facilities at Dover Air Force, Delaware ("DAFB"). In addition, the SABER Contract speaks for itself and therefore no further answer is required. Except as expressly admitted, the remainder of the averments in this paragraph are denied.

6. Admitted only that Chugach and Jersey Shore entered into a Master Subcontract Agreement ("MSA") dated May 13, 2003 which incorporated the terms of the SABER Contract. The MSA and SABER Contracts speak for themselves and therefore no further answer is required. Except as expressly admitted, the remainder of the averments in this paragraph are denied.

7. Admitted that Chugach issued and Jersey Shore accepted DO/NTPs pursuant to the MSA for Building 401 (Delivery Order No. 5001), Building 300 (Delivery Order No. 5010), Building 302 (Delivery Order No. 5018), Building 1272 (Delivery Order No. 5019) and Building 781 (Delivery Order No. 5021). It is further admitted that Chugach submitted estimates to the government beyond the scope of work identified in the DO/NTPs issued to and accepted by Jersey Shore. Except as expressly admitted, the remainder of the averments in this paragraph are denied.

8. Denied.

9. Admitted that Chugach sent a notice to cure. It is denied that Jersey Shore had any obligation to take any action as a result of Chugach's prior material breaches of the MSA as set forth in Jersey Shore's First Amended Complaint which is incorporated herein by reference.

10. Admitted that Chugach purported to terminate Jersey Shore as a subcontractor. Except as expressly admitted, the remainder of the averments in this paragraph are denied.

11. Denied.

12. Admitted that Department of Labor has made certain demands. It is denied that Jersey Shore is not in compliance with DBA.

13. Jersey Shore is without sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny the same.

14. Jersey Shore is without sufficient knowledge to admit or deny this paragraph and therefore deny the same.

15. Jersey Shore is without sufficient knowledge to admit or deny this paragraph and therefore deny the same.

## COUNT ONE
### (Breach of Contract)

16. The allegations set forth in paragraphs 1 through 15 are incorporated herein by reference.

17. Denied.

## COUNT TWO
### (Breach of Warranties)

18. The allegations set forth in paragraphs 1 through 17 are incorporated herein by reference.

19. The MSA and DO/NTPs speaks for themselves and therefore no further answer is required. Except as expressly admitted, the remainder of the averments in this paragraph are denied.

20. The MSA speaks for itself and therefore no further answer is required. Except as expressly admitted, the remainder of the averments in this paragraph are denied.

21. Denied.

22. Denied.

## COUNT THREE
### (Indemnification)

23. The allegations set forth in paragraphs 1 through 22 are reincorporated herein by reference.

24. The MSA speaks for itself and therefore no further answer is required. Except as expressly admitted, the remainder of the averments in this paragraph are denied.

25. Denied.

## COUNT FOUR
### (Liquidated Damages)

26. The allegations set forth in paragraphs 1 through 25 are reincorporated herein by reference.

27. Denied.

## COUNT FIVE
### (Breach of Covenant of Good Faith and Fair Dealing)

28. The allegations set forth in paragraphs 1 through 27 are reincorporated herein by reference.

29. Admitted.

30. Denied.

31. Denied.

## COUNT SIX
### (Negligence)

32. The allegations set forth in paragraphs 1 through 31 are reincorporated herein by reference.

33. Denied.

34. Denied.

## COUNT SEVEN
### (Fraudulent Inducement)

35. The allegations set forth in paragraphs 1 through 34 are reincorporated herein by reference.

36. Admitted.

37. It is admitted that all representations made by Jersey Shore were accurate. Jersey Shore is without knowledge or information to form a belief or the veracity of this allegation and therefore denies the remainder of the averments in this paragraph.

38. Denied.

39. Denied.

## COUNT EIGHT
### (Breach of Obligations Under the Davis-Bacon Act)

40. The allegations set forth in paragraphs 1 through 39 are reincorporated herein by reference.

41. Denied.

42. Denied.

43. Denied.

## AFFIRMATIVE DEFENSES

1. The counterclaim fails to state a claim upon which relief can be granted.

2. Counter-claim Plaintiffs breached the MSA and subsequent amendments thereto excusing Jersey Shore's performance and causing Jersey Shore to terminate its work.

3. Counterclaim Plaintiffs request for relief is barred for failure to mitigate any alleged damages, if any.

4. Counterclaim Defendant is excused from performance of its contractual duties by Counterclaim Plaintiffs' prior and continuing breaches of the MSA and subsequent amendments.

5. Defendants failed to pursue and to exhaust required contract remedies before filing suit.

6. Defendants' claims are barred due to its fraudulent and/or intentional misrepresentation of the scope of work required to be performed by Jersey Shore.

7. Defendants' claims are barred due to it own negligence and/or other acts or omissions.

8. Defendants created their injuries and damages due to their failure to properly calculate costs, expanding the scope of the DO/NTPs after Jersey Shore agreed to the work causing increased expenses and refused to seek recover of the losses from the government.

9. Counterclaim Plaintiffs have failed to plead its alleged negligence and fraud claims (Counts Six and Seven) with particularity as required by Fed. R. Civ. P. 9.

10. The Davis-Bacon Act does not provide Defendant with a private right of action.

**WHEREFORE,** Plaintiff, Jersey Shore Automation, Inc. respectively request this Honorable Court to dismiss Defendants' counterclaim with prejudice, award Plaintiff cost and expenses, including attorney fees, and such other relief that the Court determines to be appropriate.

                          CONNOLLY BOVE LODGE & HUTZ LLP

                          */s/ James D. Heisman*
                          James D. Heisman (# 2746)
                          M. Edward Danberg (# 2245)
                          1007 N. Orange Street
                          P. O. Box 2207
                          Wilmington, DE 19899
                          (302) 658-9141
                          *Attorneys for Plaintiff Jersey Shore Automation, Inc.*

DATED: August 23, 2005