IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA**, for the Use and Benefit of **JERSEY SHORE AUTOMATION, INC.**, a New Jersey corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>**CHUGACH SUPPORT SERVICES, INC.**, an Alaska corporation, and **SAFECO INSURANCE COMPANY OF AMERICA**, a Washington corporation,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)    C.A. NO. 04-1416 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF JAMES D. HEISMAN IN SUPPORT OF PLAINTIFF'S REQUEST FOR DISCOVERY PURSUANT TO FED. R. CIV. P. 56(f)

James D. Heisman, pursuant to 28 U.S.C. § 1746, declares that:

1. I am an attorney for plaintiff, Jersey Shore Automation, Inc. ("Jersey Shore"), in above captioned action. I make this Declaration pursuant to Fed. R. Civ. P. 56(f), in support of Jersey Shore's Brief in Opposition to Defendants' Motion and Supplemental Brief to Dismiss in Part, or in the Alternative for Partial Summary Judgment.

2. Jersey Shore seeks an order denying Defendants' Motion to Dismiss in Part, or in the Alternative for Partial Summary Judgment, or continuing it until such time as Jersey Shore is able to obtain the discovery and evidence necessary to respond completely and properly to the motion. In particular, Jersey Shore seeks to depose employees of Defendant Chugach Support Services, including but not limited to Robert Hafey and Terry Wright, who were decision-makers on the SABER Contract and/or the MSA and met with Jersey Shore on two separate occasions to discuss the matters that are the subject of this litigation.

1

3. Through this discovery Jersey Shore anticipates that it will be able to fully defend against the motion and demonstrate that Defendant Chugach Support Services agreed to, *inter alia*, the use of the Unit Price Guide as the means to localize wage rates in the DO/NTPs, agreed to correct all DO/NTPs that did not utilize the Unit Price Guide in their wage rate calculations, agreed to modify the terms of the MSA to ensure that Jersey Shore received full payment for its work, and agreed to submit change orders to the United States Government to obtain correct payments for Jersey Shore.

4. Plaintiff believes that the opportunity for this discovery should be afforded before any decision on summary judgment is made. Without discovery, it is not possible for Jersey Shore to fully respond and provide support for its position in opposition to Defendants' contentions in its motion.

5. The requested denial or continuance is therefore necessary and appropriate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 24, 2005                     */s/ James D. Heisman*
                                            James D. Heisman, Esquire

2