11. In addition, Chugach agreed to use the UPG for all future estimates or to seek additional funding from the United States Government to offset the inadequate wage price structure reflected in RSMEANS.

12. I confirmed the agreement reached at this meeting through a memorandum to Robert Hafey dated October 3, 2003 (the "Memo").

13. Jersey Shore agreed to perform subsequent delivery orders only pursuant to the negotiated terms set forth in the Memo. Chugach also agreed to perform pursuant to the Memo.

14. In reliance upon Chugach's representations, Jersey Shore agreed to and performed work on future DO/NTPs. However, in late December, 2003, Jersey Shore discovered that Chugach had completely disregarded the terms of the agreement reached at the second meeting by, among other things, using RSMEANS wage data without adjustment by the UPG data in its estimates and failing to negotiate additional funds for the work.

15. Jersey Shore continued in good faith to perform all existing DO/DTPs, but refused to accept further work from Chugach, while attempting to obtain the agreed additional compensation from Chugach.

16. Despite Jersey Shore's entitlement to payment, Chugach established a pattern of late payment to Jersey Shore for work completed and invoiced. Eventually, Chugach's delay resulted in the nonpayment of virtually all progress payments from November, December and January until late February 2004.

17. Subsequently, James Hutton, Divisional Vice President of Chugach, became involved and authorized payment of over $500,000.00 to Jersey Shore. Mr. Hutton was terminated by Chugach shortly thereafter.

18. Jersey Shore has expended substantial amounts of money in paying legal costs to prosecute its rights and incurred finance charges as a result of carrying the project when Chugach failed to pay in a timely manner.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration is executed this 24th day of August, 2005.

_____
Daryl J. Meehan