IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA<br>for the Use and Benefit of<br>JERSEY SHORE AUTOMATION, INC.<br><br>    Plaintiff,<br><br>vs.<br><br>CHUGACH SUPPORT SERVICES, INC., *et al.*<br><br>    Defendants | C. A. No. 04-1416 (JJF) |

**RESPONSE OF DEFENDANTS
TO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

Defendants Chugach Support Services, Inc. and Safeco Insurance Company of America, by counsel, hereby respond to the motion of Connolly Bove Lodge and Hutz ("CBLH") to withdraw as counsel for Plaintiff.

**1. As a Condition to Withdrawal, Plaintiff Should Be Required to Find Replacement Counsel Within a Relatively Short Time**

A condition to any allowance of CBLH's withdrawal should be that Plaintiff have replacement counsel in this suit in a relatively short time, not to exceed 30 days. As set forth below in Point 2, this case is substantially deeper into the pretrial requirements, including substantially deeper into discovery, than the motion suggests and is on track for additional dispositive motions by the end of January 2006. With less than two months to go until completion of pretrial matters, the case should not be derailed or if it must be, any delay should be a reasonable minimum. Also, Plaintiff's not having paid CBLH and having incurred a substantial debt to CBLH for this suit indicates that if CBLH withdraws, Plaintiff likely does not

1

have the wherewithal to engage new counsel, something that Defendants and the Court are entitled to know within a reasonable time. These concerns support a condition that if CBLH be permitted to withdraw, Plaintiff must have replacement counsel within 30 days or less, a condition that aids resolution of this case on the merits by parties represented by counsel.

### 2. Defendants Have Proceeded and Are Proceeding On the Basis of the Existing Pretrial Schedule Without Any Extensions and That Schedule Should Be Maintained With Only Minimal Interruption

This case is far further along than the motion indicates. Defendants have a fully briefed motion to dismiss pending for decision. The parties completed interrogatories and document production more than two months ago, in accordance with the Scheduling Order. Defendants served Plaintiff with extensive, dispositive requests for admission on November 22, 2005, and Plaintiff's responses are due December 27, 2005. The parties' deadline for expert reports on issues on which the parties have the burden of proof expired on November 30, 2005 (with Defendants' serving an expert report but Plaintiff's not serving any). Defendants served Plaintiff with a comprehensive Rule 30(b)(6) Notice of Deposition, setting Plaintiff's deposition for January 5, 2005 with the expectation of taking the deposition then, in preparation for meeting the dispositive motions deadline of January 30, 2006.[1]

To prevent unfair prejudice to Defendants, any withdrawal allowance should be conditioned on (i) there being no reinstatement or revival of pretrial deadlines that have passed, particularly the November 30, 2005 deadline for Plaintiff to produce an expert report on the

---

[1] It is correct that Defendants earlier proposed essentially a one month extension of deadlines but adhering to the March 8, 2006 pretrial conference. Plaintiff, however, never responded, positively or negatively, and so Defendants proceeded as set forth immediately above, with their requests for admission, expert report and notice of deposition, in accordance with the existing deadlines in the Scheduling Order.

issues on which Plaintiff bears the burden of proof, and (ii) any extension of future deadlines, if any, being reasonably limited to no more than 30 days.

### 3. Plaintiff Should Be Required to Show the Financial Ability to Continue the Case

Another condition to granting the motion should be that Plaintiff show that it has the financial capacity to continue this case in its ordinary course. If Plaintiff does not have that financial capacity, then withdrawal of counsel is merely postponing the likely result of a dismissal of Plaintiff's claims and a judgment for Defendants, and for financial and judicial economy purposes, it would be better to proceed directly to this result.[2]

Dated: December 8, 2005

        Respectfully submitted,

        BIRCH, HORTON, BITTNER AND CHEROT

        /s/ Harvey A. Levin
        Harvey A. Levin
        1155 Connecticut Avenue, N.W., Suite 1200
        Washington, DC 20036
        Phone (202) 659-5800
        Fax (202) 659-1027
        Email: hlevin@dc.bhb.com

        and

        THE LYONS LAW FIRM
        Edmund Daniel Lyons (No. 0881)
        1526 Gilpin Avenue, P.O. Box 579
        Wilmington, DE 19806
        Phone (302) 777-5698
        Fax (302) 777-5051
        Email: elyons@lyonslaw.com

---

[2] Respectfully, Defendants believe that the merits as addressed in their pending motion to dismiss and as Defendants plan to address in a motion for summary judgment on both Plaintiff's claims and Defendants' counterclaims should achieve that result even were Plaintiff to find substitute counsel.