IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of **JERSEY SHORE AUTOMATION, INC.**, a New Jersey corporation, | ) ) ) ) ) | |
| Plaintiff, | ) | C.A. NO. 04-1416 (JJF) |
| v. | ) ) | |
| **CHUGACH SUPPORT SERVICES, INC.**, an Alaska corporation, and **SAFECO INSURANCE COMPANY OF AMERICA**, a Washington corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

### REPLY TO DEFENDANTS' RESPONSE TO CONNOLLY BOVE LODGE & HUTZ LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF

Pursuant to the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, Rule 83.7, Connolly Bove Lodge & Hutz LLP and James D. Heisman and M. Edward Danberg (collectively "CBLH") have moved to withdraw as counsel in this action for Plaintiff, Jersey Shore Automation, Inc. ("JSA") pursuant to the Model Rules of Professional Conduct of the American Bar Association, Rule 1.16 (b). JSA has consented to CBLH's withdrawal.

In their response to the motion, Defendants Chugach Support Services, Inc. and Safeco Insurance Company of America (collectively "Defendants") have raised three issues which do not challenge CBLH's motion to withdraw but rather raise issues concerning the future prosecution of the case. Accordingly, CBLH's motion should be granted especially since Defendants have not identified any prejudice flowing from CBLH's withdraw.

Defendants' three issues are: (1) the time to be allotted to Plaintiff to find replacement counsel; (2) the sanctity of the pre-trial schedule; and (3) Plaintiff's financial ability to proceed with the litigation. None of these issues warrant denying CBLH's motion.

The law is clear that Plaintiff must be afforded a reasonable time to find replacement counsel. In federal courts, a corporation must be represented by counsel. 28 U.S.C. § 1654; *MacNeil v. Hearst Corporation*, 160 F.Supp. 157, 159 (D.Del. 1953). Accordingly, Plaintiff should be granted a reasonable time to obtain substitute counsel. Given that the case is in discovery, with no trial date set, Defendants' proposed thirty (30) day limit is arbitrary. In the event that substitute counsel does not appear, Defendants can address that situation with the Court at that time, alternatively, the Court could order JSA to obtain substitute counsel within a prescribed time period subject to the imposition of sanctions if JSA fails to comply with the Court's edict.

Defendants next seek to have the Court address the status of the pre-trial schedule. First, no motion is before the Court to amend the schedule. Substitute counsel should be provided the opportunity to address this issue. Second, Defendants fail to inform the Court of their own requests at the mediation conference and to counsel for informal extensions of the pre-trial schedule, while keeping intact the pre-trial conference date of March 8, 2006. (*See, e.g.*, Exhibit A where Defendants propose to extend the discovery cut-off by five weeks.) At the present time, only one deposition has been held by Plaintiff and none by Defendants. Counsel for both parties understood and agreed that discovery would have to be extended, for the convenience of both parties and their counsel. Only after Plaintiff's counsel indicated its intention to withdraw did Defendants become interested in strictly maintaining the original schedule for unwarranted

tactical advantage.[1] Under these circumstances, the pre-trial schedule should be modified to allow replacement counsel to prepare this action and avoid prejudice to either party.

Finally, the financial ability of the Plaintiff to proceed is irrelevant to CBLH's motion to withdraw or any issue currently before the Court. Further, Plaintiff's counsel has previously informed Defendant of the nature of the Plaintiff's financial situation. Additional disclosure will accomplish nothing. Imposing a "financial capacity" test on the ability of counsel to withdraw is unsupported by the Model Rules or any case law Plaintiffs have found. Defendants cite no authority for such a proposition and it would be manifestly unfair to burden CBLH with the additional financial obligation associated with prosecuting this case through trial.

CBLH's Motion to Withdraw should be granted for the reasons identified in the Motion and because Defendants have identified no prejudice flowing from withdraw.

WHEREFORE, Connolly Bove Lodge & Hutz LLP respectfully requests that the Court grant its Motion to Withdraw as Counsel for Plaintiff.

 

**CONNOLLY BOVE LODGE & HUTZ LLP**

*/s/ James D. Heisman*
James D. Heisman (# 2746)
M. Edward Danberg (# 2245)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Plaintiff Jersey Shore Automation, Inc.*

Dated: December 15, 2005

---

[1] Defendants also fail to tell the Court that its purported "dispositive requests for admissions" propounded on November 22, 2005 were over six weeks late pursuant to the original scheduling order. This type of discovery should have been completed by September 30, 2005 (DI 60). Defendants' actions in unilaterally ignoring the pre-trial order when it suits its purposes speaks volumes about the Defendants motive in seeking now to vigorously enforce the pretrial schedule.

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 15th day of December, 2005, I caused a true and correct copy of the foregoing **Motion to Withdraw as Counsel for Plaintiff** to be served as follows:

*Via E-File & Hand-Delivery*
Edmund D. Lyons, Jr., Esquire
The Lyons Law Firm
1526 Gilpin Avenue
Wilmington, DE 19806

*Via Email Only*
Harvey A. Levin, Esquire
Birch, Horton, Bittner and Cherot
115 Connecticut Ave., N.W.
Suite 1200
Washington, DC 20036

*Via Certified Mail*
Jersey Shore Automation, Inc.
1500 Meeting House Road
Sea Girt, New Jersey 08750

　　　　　　　　　　　　　　　　　　　　*/s/ James D. Heisman*
　　　　　　　　　　　　　　　　　　　　James D. Heisman (# 2746)