IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of **JERSEY SHORE AUTOMATION, INC.**, a New Jersey corporation, | ) ) ) ) ) | |
| Plaintiff, | ) | C.A. NO. 04-1416 (JJF) |
| v. | ) ) | |
| **CHUGACH SUPPORT SERVICES, INC.**, an Alaska corporation, and **SAFECO INSURANCE COMPANY OF AMERICA**, a Washington corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

**AMENDED
REPLY TO DEFENDANTS' RESPONSE TO CONNOLLY BOVE LODGE & HUTZ
LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

Pursuant to the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, Rule 83.7, Connolly Bove Lodge & Hutz LLP and James D. Heisman and M. Edward Danberg (collectively "CBLH") have moved to withdraw as counsel in this action for Plaintiff, Jersey Shore Automation, Inc. ("JSA") pursuant to the Model Rules of Professional Conduct of the American Bar Association, Rule 1.16 (b). JSA has consented to CBLH's withdrawal.

In their response to the motion, Defendants Chugach Support Services, Inc. and Safeco Insurance Company of America (collectively "Defendants") have raised three issues which do not challenge CBLH's motion to withdraw but rather raise issues concerning the future prosecution of the case. Accordingly, CBLH's motion should be granted especially since Defendants have not identified any prejudice flowing from CBLH's withdraw.

Defendants' three issues are: (1) the time to be allotted to Plaintiff to find replacement counsel; (2) the sanctity of the pre-trial schedule; and (3) Plaintiff's financial ability to proceed with the litigation. None of these issues warrant denying CBLH's motion.

The law is clear that Plaintiff must be afforded a reasonable time to find replacement counsel. In federal courts, a corporation must be represented by counsel. 28 U.S.C. § 1654; *MacNeil v. Hearst Corporation*, 160 F.Supp. 157, 159 (D.Del. 1953). Accordingly, Plaintiff should be granted a reasonable time to obtain substitute counsel. Given that the case is in discovery, with no trial date set, Defendants' proposed thirty (30) day limit is arbitrary. In the event that substitute counsel does not appear, Defendants can address that situation with the Court at that time, alternatively, the Court could order JSA to obtain substitute counsel within a prescribed time period subject to the imposition of sanctions if JSA fails to comply with the Court's edict.

Defendants next seek to have the Court address the status of the pre-trial schedule. First, no motion is before the Court to amend the schedule. Substitute counsel should be provided the opportunity to address this issue. At the present time, only one deposition has been held by Plaintiff and none by Defendants. Counsel for both parties understood and agreed that discovery would have to be extended, for the convenience of both parties and their counsel although the agreement was never finalized. Defendants have now become interested in strictly maintaining the original schedule apparently for unwarranted tactical advantage.[1] Under these circumstances,

---

[1] Plaintiff believes that Defendants purported "dispositive requests for admissions" propounded on November 22, 2005 were over six weeks late pursuant to the original scheduling order. (DI 60 ¶ 4.) In addition, deposition discovery began November 7, 2005 without objection or reservation of rights by either party to propound requests for admission. Thus, by the express terms of the scheduling order, the requests are untimely. (DI 60 ¶ 4.(d)) (Depositions shall not commence until requests for admissions are complete). Defendants' actions in unilaterally ignoring the pre-trial order when it suits its purposes speaks volumes about the Defendants motive in seeking now to vigorously enforce the pretrial schedule.

the pre-trial schedule should be modified to allow replacement counsel to prepare this action and avoid prejudice to either party.

Finally, the financial ability of the Plaintiff to proceed is irrelevant to CBLH's motion to withdraw or any issue currently before the Court. Further, Plaintiff's counsel has previously informed Defendant of the nature of the Plaintiff's financial situation. Additional disclosure will accomplish nothing. Imposing a "financial capacity" test on the ability of counsel to withdraw is unsupported by the Model Rules or any case law Plaintiffs have found. Defendants cite no authority for such a proposition and it would be manifestly unfair to burden CBLH with the additional financial obligation associated with prosecuting this case through trial.

CBLH's Motion to Withdraw should be granted for the reasons identified in the Motion and because Defendants have identified no prejudice flowing from withdraw.

WHEREFORE, Connolly Bove Lodge & Hutz LLP respectfully requests that the Court grant its Motion to Withdraw as Counsel for Plaintiff.

**CONNOLLY BOVE LODGE & HUTZ LLP**

/s/ *James D. Heisman*
James D. Heisman (# 2746)
M. Edward Danberg (# 2245)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Plaintiff Jersey Shore Automation, Inc.*

Dated: December 15, 2005

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 15th day of December, 2005, I caused a true and correct copy of the foregoing **Amended Reply to Defendants' Response to Connolly Bove Lodge & Hutz LLP's Motion to Withdraw as Counsel for Plaintiff** to be served as follows:

*Via E-File & Hand-Delivery*
Edmund D. Lyons, Jr., Esquire
The Lyons Law Firm
1526 Gilpin Avenue
Wilmington, DE 19806

*Via E-File Only*
Harvey A. Levin, Esquire
Birch, Horton, Bittner and Cherot
115 Connecticut Ave., N.W.
Suite 1200
Washington, DC 20036

*Via Certified Mail*
Jersey Shore Automation, Inc.
1500 Meeting House Road
Sea Girt, New Jersey 08750

/s/ *James D. Heisman*
James D. Heisman (# 2746)