LAW OFFICES

BIRCH, HORTON, BITTNER AND CHEROT     A PROFESSIONAL CORPORATION

1155 CONNECTICUT AVENUE, N.W. • SUITE 1200 • WASHINGTON, D.C. 20036 • TELEPHONE (202) 659-5800 • FACSIMILE (202) 659-1027

HAL R. HORTON (1944 - 1998)

| | | | |
|---|---|---|---|
| YULIYA B. ANDRESYUK‡ | MAX D. GARNER | THOMAS F. KLINKNER | OF COUNSEL: |
| RONALD G. BIRCH** | DAVID KARL GROSS | HARVEY A. LEVIN*† | JENNIFER C. ALEXANDER |
| WILLIAM H. BITTNER | TINA M. GROVIER | STANLEY T. LEWIS | JON M. DEVORE** |
| KATHRYN A. BLACK | PATRICIA M. HARDINA | JAMES H. LISTER*†◊ | SHELLEY D. EBENAL |
| SUZANNE CHEROT | WILLIAM P. HORN* | GREGORY A. MILLER | KENNETH E. VASSAR |
| KATHLEEN TOBIN ERB | STEPHEN H. HUTCHINGS | MICHAEL J. PARISE | |
| MARK E. FINEMAN, P.E. | ROY S. JONES, JR.* | TIMOTHY J. PETUMENOS | |
| GREGORY S. FISHER | SCOTT M. KENDALL | ELISABETH H. ROSS** | |
| DOUGLAS S. FULLER* | DANIEL C. KENT | | |

1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
(907) 276-1550
FACSIMILE (907) 276-3680

* D.C. BAR
** D.C. AND ALASKA BAR
† MARYLAND BAR
◊ VIRGINIA BAR
‡ NEW YORK BAR
ALL OTHERS ALASKA BAR

January 6, 2006

<u>By Overnight Service and Electronic Mail</u>

The Honorable Joseph J. Farnan, Jr.
United States District Judge
United States District Court for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:      Jersey Shore Automation, Inc. v. Chugach Support Services, Inc., *et al.*
                C.A. No. 04-1416 (JJF) (D. Del.)

Dear Judge Farnan:

      We write as counsel, with Edmund D. Lyons, Jr., for Defendants and Counter-Plaintiffs Chugach Support Services, Inc. and Safeco Insurance Company of America in this matter, further to Mr. Danberg's email letter of January 4, 2006. Defendants and Counter-Plaintiffs respectfully request that Your Honor defer temporarily consideration of the motion of Mr. Danberg's firm, Connolly, Bove, Lodge and Hutz LLP ("CBLH"), to withdraw as counsel for Plaintiff Jersey Shore Automation, Inc., for the following reasons.

      On November 30, 2005, prior to CBLH's motion, Defendants and Counter-Plaintiffs duly noticed the Rule 30(b)(6) deposition of Jersey Shore for yesterday, January 5, 2006. As counsel for Defendants and Counter-Plaintiffs, I served the deposition notice on both Messrs. Danberg and Heisman by electronic mail on November 30. By a return email that same day, Mr. Heisman acknowledged receipt of the email that had the notice of deposition attached. Following service of the notice, I heard nothing from Mr. Heisman or Mr. Danberg regarding the deposition and so expected it to proceed as noticed.

      On receipt of a copy of Mr. Danberg's January 4 email to Your Honor, I replied to Mr. Danberg as follows: "Ed, If you hear something from the court that may affect tomorrow, please let me know as soon as you do. Thanks, Harvey." The word "tomorrow" referred to the Jersey Shore deposition noticed for January 5.

      On January 5, I and an assistant traveled to Wilmington for the Jersey Shore deposition (I had an assistant because of the voluminous documents that I needed for and intended to use in the deposition, including seven separate topic notebooks for the questioning). Without any prior

BIRCH, HORTON, BITTNER AND CHEROT
A PROFESSIONAL CORPORATION

The Honorable Joseph J. Farnan, Jr.
United States District Judge
January 6, 2006
Page 2

indication, Jersey Shore did not appear for the deposition, either personally or through its counsel, CBLH.

In a telephone call with Messrs. Danberg and Heisman after the scheduled start of the deposition, both acknowledged receiving the deposition notice, yet neither had informed me that they and their client would not appear. In that call Mr. Heisman did tell me, however, that Jersey Shore did not have the resources to continue the litigation and might stipulate to a judgment. I requested that Messrs. Danberg and/or Heisman inform Your Honor's chambers so that the Court would not relieve CBLH as counsel before CBLH and I could explore the stipulated judgment prospect.

Because it appears that Your Honor has not been so informed, I wish to inform the Court of yesterday's development and request that Your Honor defer consideration of CBLH's motion to allow the parties to explore a stipulated judgment. If CBLH were to be relieved as counsel at this point, the full burden (financial and procedural) of proceeding against an impecunious, pro se Jersey Shore would fall on parties who have been diligent and on whom Jersey Shore already has forced unreasonable and unnecessary expense. Also, counsel for both sides have a conference call on January 9 with Judge Thynge that cannot go forward if CBLH is relieved as counsel.

Accordingly, Defendants and Counter-Plaintiffs respectfully request that the Court defer consideration of the CBLH motion. Should the Court wish to hear further on this issue, we would be available at the Court's convenience.

Respectfully,

BIRCH, HORTON, BITTNER AND CHEROT

/s/ Harvey A. Levin
Harvey A. Levin

cc:    The Honorable Mary Pat Thynge (By facsimile)
       James D. Heisman, Esquire (By electronic mail)
       M. Edward Danberg, Esquire (By electronic mail)
       Edmund D. Lyons, Jr., Esquire (By electronic mail)

G:\505986\4\CJ0946.DOC