IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA<br>for the Use and Benefit of<br>JERSEY SHORE AUTOMATION, INC.<br><br>    Plaintiff,<br><br>vs.<br><br>CHUGACH SUPPORT SERVICES, INC., *et al.*<br><br>    Defendants | C. A. No. 04-1416 (JJF) |

EXHIBIT 8

TO

**BRIEF OF DEFENDANTS
CHUGACH SUPPORT SERVICES, INC.
AND SAFECO INSURANCE COMPANY OF AMERICA
IN SUPPORT OF SUPPLEMENTAL MOTION
FOR SUMMARY JUDGMENT ON THE COMPLAINT AND THE
COUNTERCLAIM**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of **JERSEY SHORE AUTOMATION, INC.**, a New Jersey corporation, | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | C.A. NO. 04-1416 (JJF) |
| v. | ) ) | |
| **CHUGACH SUPPORT SERVICES, INC.**, an Alaska corporation, and **SAFECO INSURANCE COMPANY OF AMERICA**, a Washington corporation, | ) ) ) ) ) | |
| *Defendants.* | ) | |

**PLAINTIFF JERSEY SHORE'S RULE 26(a)(1)
FIRST SUPPLEMENTAL INITIAL DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff Jersey Shore Automation, Inc. ("JSA") supplements its initial disclosures dated April 22, 2005. The disclosures made herein are limited to the information available to JSA at the present time. JSA may supplement and/or amend these responses based upon additional information that it later obtains. JSA expressly and specifically does not waive any attorney-client privilege, work-product protection, or other applicable privilege through these disclosures.

**C.   Damages**

1. $685,194.15 because Chugach incorrectly used RS Means cost data when it should have used UPG cost data, which reflects local conditions, in estimating and contracting for the work in issue.

2. $395,557.99 for work performed by JSA's subcontractors and materials delivered by JSA's suppliers, but not paid by Chugach.

3. $281,767.38 for balance of unpaid percentage of work completed based upon contract amount.

4. $22,360.21 for materials purchased and stored on site for use with work.

5. $132,000.00 based upon 50% of remaining contract value of services to be provided directly by JSA.

6. Interest in an amount to be established at trial calculated at the rates specified in the Master Subcontracting Agreement ¶ 4.2 for payments to JSA not in accordance with the payment terms. The most current rate is published in the Federal Register, Volume 70, Number 126, Page 38253, dated Friday, July 1, 2005. For complete rates see http://www.publicdebt.treas.gov/opd/opdprmt2.htm.

7. Interest in excess of $48,000 to date on obligations incurred by JSA by reason of Chugach's delays and defaults in payment which caused JSA to finance the on-going construction.

E. **Reservation of Rights to Supplement Disclosures**

JSA reserves the right to supplement these responses.

CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ James D. Heisman*
James D. Heisman (# 2746)
M. Edward Danberg (# 2245)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Jersey Shore Automation, Inc.*

Dated: August 25, 2005

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 25th day of August, 2005, I caused a true and correct copy of the foregoing **Plaintiff Jersey Shore's Rule 26(a)(1) First Supplemental Initial Disclosures** to be served upon counsel of record in the manner indicated below:

| *Via Hand-Delivery* | *Via Facsimile & Email* |
|---|---|
| Edmund D. Lyons, Jr., Esquire | Harvey A. Levin, Esquire |
| The Lyons Law Firm | Birch, Horton, Bittner and Cherot |
| 1526 Gilpin Avenue | 115 Connecticut Ave., N.W. |
| Wilmington, DE 19806 | Suite 1200 |
|  | Washington, DC 20036 |

                                                /s/ *James D. Heisman*
                                                James D. Heisman (# 2746)